Citation Nr: 1513855 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 10-33 242 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to service connection for bilateral peripheral neuropathy of the upper extremities, including as secondary to herbicide exposure.

2. Entitlement to service connection for bilateral peripheral neuropathy of the lower extremities, including as secondary to herbicide exposure. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

M. Carsten, Counsel


INTRODUCTION

The Veteran served on active duty from February 1969 to January 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Togus, Maine, on brokerage for the RO in Indianapolis, Indiana, which retains original jurisdiction. 

In November 2010, a local hearing was held at the RO before a hearing officer. 

In March 2014, the Board denied entitlement to service connection for peripheral neuropathy of the upper and lower extremities. The Veteran appealed this decision to the United States Court of Appeals for Veterans Claims (Court). By Order dated in February 2015, the Court granted a joint motion for remand. The Board's March 2014 decision was remanded for action consistent with the terms of the joint motion. 

The Veterans Benefits Management System (VBMS) and Virtual VA folders have been reviewed. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.






REMAND

Pursuant to the joint motion, the parties agreed that the Board erred by failing to obtain a medical opinion to determine whether the Veteran's peripheral neuropathy of the upper and lower extremities was related to herbicide exposure. Evidence of record shows current diagnoses and presumed herbicide exposure. Regarding whether there was any association between the two, the parties noted that VA neurology records dated in August and November 2008 stated "there is no identifiable cause of neuropathy except exposure to Agent Orange." Thus, the parties agreed that the requirements for a VA examination are met. See 38 C.F.R. § 3.159(c)(4) (2014); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

On review, VA medical records were last printed in August 2010. Updated VA records should be obtained on remand. 38 C.F.R. § 3.159(c)(2). 

Accordingly, the case is REMANDED for the following action:

1. Request medical records from the VA Medical Center in Indianapolis, Indiana, and any associated outpatient clinics, for the period from August 2010 to the present. 

2. Thereafter, schedule the Veteran for a VA examination to address the etiology of peripheral neuropathy of the upper and lower extremities. The claims folder, and any relevant electronic records, should be available for review. 

The examiner is requested to opine whether it is at least as likely as not that the Veteran's peripheral neuropathy of the upper and lower extremities is related to active service or events therein, to include his presumed exposure to Agent Orange. 

In making this determination, the examiner should consider all evidence of record, to include the August and November 2008 VA neurology notes indicating there was no identifiable cause for neuropathy except Agent Orange exposure. 

Early-onset peripheral neuropathy is listed as a disease associated with herbicide exposure. The examiner is advised that service connection for the disease at issue (peripheral neuropathy of the upper and lower extremities) can be established on a direct basis as related to Agent Orange and is not precluded solely because it is not listed as a presumptive condition associated with herbicide exposure. 

The examiner must provide a complete rationale for any opinion offered. 

3. Upon completion of the above development, and any additional development deemed appropriate, readjudicate the issues of entitlement to service connection for peripheral neuropathy of the upper and lower extremities, including as secondary to herbicide exposure. If the benefits sought on appeal remain denied, the appellant and his representative should be provided with a Supplemental Statement of the Case. An appropriate period of time should be allowed for response. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).